UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRUNG NGUYEN, | ) | Criminal No. 23-10148-RGS |
| | ) | |
| Defendant | ) | |
| | ) | |

_____

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

In accordance with the Court's Order Setting Criminal Jury Trial, Dkt. 45, the government provides the following proposed jury instructions. The government respectfully requests that the Court give these instructions in addition to the instructions the Court customarily provides in criminal cases. The government reserves the right to supplement, modify, or withdraw these requested instructions in light of the requested instructions filed by the defendant and the evidence introduced at trial.

# TABLE OF CONTENTS

VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS ...........................................3

ON OR ABOUT EXPLAINED................................................................................................................4

PROOF MAY BE DISJUNCTIVE ..........................................................................................................5

REDACTIONS................................................................................................................................6

CHARTS AND SUMMARIES ...............................................................................................................7

INTERVIEWS OF WITNESES .............................................................................................................8

TRANSCRIPTS OF RECORDED CONVERSATIONS ................................................................................9

CAUTION AS TO COOPERATING WITNESSES ...................................................................................10

DEFINITION OF KNOWINGLY .........................................................................................................11

WILLFUL BLINDNESS...................................................................................................................12

CONSIDER EACH COUNT SEPARATELY ...........................................................................................13

OVERVIEW OF THE INDICTMENT AND CHARGES .............................................................................14

COUNT ONE: OPERATING AN UNLICENSED MONEY TRANSMITTING BUSINESS................................15

COUNT TWO: MONEY LAUNDERING...............................................................................................18

COUNT THREE: MONEY LAUNDERING.............................................................................................20

**VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS**[1]

Your verdict must be based solely upon the evidence.  It would be improper for you to base your verdict on anything that is not evidence. You may not base your verdict on any personal feelings, prejudices or sympathies you may have about the defendant or about the nature of the crimes with which he is charged.

The question of possible punishment of the defendant is also of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any way enter into your deliberations.

Again, your verdict must be based solely on the evidence and according to the law.

---

[1] *United States v. Gorski*, 12-cr-10338-FDS ECF No. 346 at 58-59, aff'd, 880 F.3d 27 (1st Cir. 2018). Also adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 9-1 (2021); *see also United States v. Lynch*, 903 F.3d 1061, 1081 (9th Cir. 2018); Ninth Circuit Model Criminal Jury Instructions, § 7.4; Fifth Circuit Model Criminal Jury Instructions, § 1.22; Sixth Circuit Model Criminal Jury Instructions, § 8.05; Eighth Circuit Model Criminal Jury Instructions, § 3.12; Tenth Circuit Model Criminal Jury Instructions, § 1.20; Eleventh Circuit Model Criminal Jury Instructions, § B10.4; Third Circuit Model Criminal Jury Instructions, § 3.16.

## ON OR ABOUT EXPLAINED[2]

The Indictment charges that the offenses alleged were committed "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

---

[2] Adapted from L. Sand *et al.*, *Modern Federal Jury Instructions: Criminal*, Instr. 3-12 (2021); *United States v. Morris*, 700 F.2d 427, 429-30 (1st Cir. 1983).

## PROOF MAY BE DISJUNCTIVE[3]

To the extent the indictment uses the conjunctive word "and," it is sufficient if the government proves the offense in the disjunctive, as if the word "or" had been used.

---

[3] *See United States v. Garcia-Torres*, 341 F.3d 61, 66 (1st Cir. 2003) ("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means"); *United States v. McCann*, 465 F.2d 147, 162 (5th Cir. 1972); *Fields v. United States*, 408 F.2d 885, 887 (5th Cir. 1969).

### REDACTIONS[4]

Some exhibits have been redacted in accordance with Court rules or orders that protect personal information, such as a person's home address, date of birth, and Social Security number. Additionally, certain parts of the Indictment may be redacted in accordance with Court rules or orders. You are not to speculate about what has been redacted, nor are you to draw any inferences from those redactions.

---

[4] *See, e.g.,* Dkt. No. 2407, Day 20 Trial Tr., *United States v. Abdelaziz*, No. CR 19-10080-NMG.

## CHARTS AND SUMMARIES[5]

Charts or summaries prepared by the government have been admitted into evidence and were shown to you during the trial for the purpose of explaining facts that are contained in other documents.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

---

[5] Adapted from 1A O'Malley, Grenig, & Hon. Lee, *Federal Jury Practice and Instructions*, § 14.02 (6th ed. 2008).

**INTERVIEWS OF WITNESES**[6]

There was testimony at trial that the attorneys interviewed witnesses when preparing for, and during the course of the trial.  There is nothing improper about conduct such interviews.  As part of preparation, lawyers may interview witnesses.

---

[6] *See United States v. Richard Rosario*, No. 16-cr-30044-MGM, Dkt # 1193 at 18 (D. Mass. February 10, 2020); *United States v. Julio Rivera*, 4:19-cr-40018-TSH (D. Mass); *United States v. Hassan Abbas*, No. 20-cr-10016-LTS, Dkt 326, Tr. p. 106.

## TRANSCRIPTS OF RECORDED CONVERSATIONS

You have been provided with transcripts of the portions of the recordings that have been played for you during the trial.  Those transcripts undertake to identify the speakers engaged in the conversation, and to capture the precise words spoken by the speakers on the recording.

You are permitted to have the transcripts with you during your deliberations for the limited purpose of helping you follow the conversations as you listen to the recordings, and also to help you keep track of the speakers.  The transcripts, however, are not evidence.  The recordings themselves are the only evidence of their own contents.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the conversations or the identity of the speakers is entirely for you to decide based upon what you have heard here about the preparation of the transcripts, and upon your own examination of the transcripts in relation to what you hear on the recordings.  If you decide that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent.[7]

---

[7] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit Instruction No. 2.06 (2007); Pattern Jury Instructions, Instruction 2.09; see generally United States v. Ademaj, 170 F.3d 58, 65 (1st Cir. 1999) (transcripts may be used during jury deliberations even if the transcripts themselves are not admitted into evidence); United States v. Campbell, 874 F.2d 838, 849 (1st Cir. 1989) (use of transcripts as a jury aid in following recorded conversations is permissible); United States v. Rengifo, 789 F.2d 975, 980 (1st Cir. 1986) (district court may allow transcripts of recorded conversations to be used in jury deliberations).

## CAUTION AS TO COOPERATING WITNESSES[8]

You heard testimony from a witness who provided testimony under an agreement with the government.  The fact that the witness entered a guilty plea is not a factor that you may consider in assessing the guilt of the defendant.  The witness may be presumed to have acted after an assessment of his own best interests, for reasons that are personal to him, but that fact has no bearing on any other party to this case.  A guilty plea and accompanying plea agreement are to be considered only in assessing the credibility of the testimony of the witness who is affected by the plea.

You have also heard that the witness testified pursuant to a cooperation agreement.  Some witnesses in this position are entirely truthful when testifying.  If a witness testifies untruthfully, they could be prosecuted for perjury or making a false statement.  Still, you should consider the testimony of such witnesses with particular caution.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.  You should consider whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits they received from the government as a result of entering into a cooperation agreement with the government.

---

[8] Adapted from Pattern Crim. Jury Instr. 1st Cir. § 2.08.

## DEFINITION OF KNOWINGLY

You will hear the term "knowingly" from time to time as I instruct you regarding the crimes charged in the Indictment. That term means that an act was done voluntarily and intentionally and not because of mistake or accident.[9]

---

[9] Adapted from Pattern Crim. Jury Instr. 1st Cir. § 2.14.

## WILLFUL BLINDNESS

In deciding whether the defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him.

In order to infer knowledge, you must find that two things have been established.  First, that the defendant was aware of a high probability of the fact in question.  Second, that the defendant consciously and deliberately avoided learning that fact.  That is to say, that the defendant willfully made himself or herself blind to that fact.  It is entirely up to you to determine whether the defendant deliberately closed his eyes to that fact and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.[10]

---

[10] Adapted from Pattern Crim. Jury Instr. 1st Cir. § 2.15.  "A willful blindness instruction is justified when the defendant claims to lack guilty knowledge, yet the evidence, taken in the light most favorable to the government, suffices to support an inference that he deliberately shut his eyes to the true facts." *United States v. Singh*, 222 F.3d 6, 11 (1st Cir. 2000) (citing *United States v. Gabriele*, 63 F.3d 61, 66 (1st Cir. 1995)).  The instruction is warranted even where the defendant does not testify but invokes such a defense through defense counsel's argument and cross examination. *See id.*

## CONSIDER EACH COUNT SEPARATELY[11]

The defendant is charged in three separate counts.  You must consider each count separately, and you must return a separate verdict as to each count.  Your verdict as to each count must be determined solely by the evidence, or lack of evidence, presented against the defendant on that count.

---

[11] *United States v. Gorski*, 12-cr-10338-FDS ECF No. 346 at 65, aff'd, 880 F.3d 27 (1st Cir. 2018).

## OVERVIEW OF THE INDICTMENT AND CHARGES

The Indictment in this case has three counts.  Count One charges the defendant with operating an unlicensed money transmitting business under 18 U.S.C. § 1960(a), (b)(1)(B), and (b)(1)(C).  Count Two charges the defendant with money laundering under 18 U.S.C. § 1956(a)(1)(B)(i).  Lastly, Count Three charges the defendant with a separate count of money laundering under 18 U.S.C. § 1956(a)(3)(B).

For each count, the government must prove several things, which we call elements, beyond a reasonable doubt.  I will now give you instructions with respect to each count and its elements.

## COUNT ONE: OPERATING AN UNLICENSED MONEY TRANSMITTING BUSINESS[12]

Count One charges the defendant with operating an unlicensed money transmitting business. For you to find the defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, the defendant knowingly controlled, conducted, managed, supervised, directed or owned a business.

<u>Second</u>, that the business engaged in money transmitting.

<u>Third</u>, that the money transmitting business affected interstate or foreign commerce.

<u>Fourth</u>, that the money transmitting business was unlicensed.

I will now further explain some these elements and define certain terms.

I'm going to start with the <u>second</u> element that requires that the defendant conducted, controlled, managed, supervised, or owned all or part of the money transmitting business.

A "business" is an enterprise that is regularly carried on for financial gain. It does not include a single, isolated transmission of money.[13]

"Money transmitting" includes transferring funds by any and all means. I instruct you that "funds" includes bitcoin.[14] Transferring means to convey to another location or person.[15]  An individual who accepts real currency or its equivalent from a purchaser and transmits the value of that real currency to the purchaser's virtual currency account engages in "money transmission ... to another location."[16]

---

[12] Adapted from *United States vs. Ian Freeman*, No. 21-CR-00041-JL (D.N.H. 2022), Dkt. 283, Tr. pp. 19-23.

[13] *United States v. Banki*, 685 F.3d 99, 114 (2d Cir. 2011).

[14] *United States v. Mansy*, 2017 WL 9672554, at *1 (D. Me. May 11, 2017) (citing collection of cases).

[15] *United States v. Stetkiw*, 2018 WL 417404, at *2 (E.D. Mich. Feb 1, 2019).

[16] *Id.*

The <u>first</u> element requires that the defendant knowingly conducted, controlled, managed, supervised, or owned all or part of the money transmitting business. Knowingly means that the defendant was aware of the facts that establish the existence of a money transmitting business—in other words, the defendant knew that he was participating in an enterprise carried on for financial gain that was involved in more than a single, isolated act of transferring funds.

The <u>third</u> element requires that the money transmitting business affected interstate or foreign commerce. Interstate or foreign commerce means the movement of goods, services, funds or individuals between states or between the United States and a foreign state or nation. To satisfy this element, the government must prove that the money transmitting business affected interstate or foreign commerce in any manner, no matter how minimal.

The <u>fourth</u> and final element requires that the government prove that the money transmitting business was unlicensed. An "unlicensed money transmitting business" is a money transmitting business affecting interstate commerce that satisfies at least one of the following:

A. The money transmitting business failed to comply with the money transmitting business registration requirements under federal law; *or*

B. The money transmitting business involved the transportation or transmission of funds that the defendant knows to have been derived from a criminal offense or intended to be used to promote or support unlawful activity.

I will explain each of these categories further, beginning with the first one—compliance with a federal registration requirement.

Under federal law, any person who owns or controls a money transmitting business, as already defined, is required to register the business. To satisfy this category, the government does

not need to prove that the defendant knew that the federal law required the registration of a money transmitting business.[17]  As long as the defendant was required under federal law to register with the Financial Crimes Enforcement Network, FinCEN, and failed to do so, and the defendant knew that the business was unregistered, that is, he was not under the mistaken assumption that the business, in fact, was registered with FinCEN, the element is satisfied.  Again, this element focuses on federal registration requirements.

To satisfy the second category of an unlicensed money transmitting business, the government does not need to prove that the funds were derived from or intended to promote any specific criminal offense.

You may find the defendant guilty of this count if you find beyond a reasonable doubt that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned a money transmitting business that affected interstate or foreign commerce and that money transmitting business falls within one of the two unlicensed categories described above.  You need not find that the money transmitting business satisfied both categories.  You also need not agree unanimously on which category rendered the business unlicensed so long as you agree unanimously that it was, in fact, unlicensed.[18]

---

[17] *United States v. Neumann*, 2022 WL 3445820, at *4 (S.D.N.Y. Aug. 17, 2022).
[18] *United States v. Talebnejad*, 460 F.3d 563, 567 n.2 (4th Cir. 2006) ("For purposes of this appeal, we accept the Government's contention that § 1960 sets forth one offense—conducting an unlicensed money transmitting business—that may be committed in multiple ways.")

## COUNT TWO: MONEY LAUNDERING
[18 U.S.C. § 1956(a)(1)(B)(i)]

Count Two charges the defendant with money laundering to conceal the proceeds of a specified unlawful activity—here, distribution of controlled substances.  This crime is often referred to as "concealment money laundering."

The Indictment charges that on or about June 17, 2018, in the District of Massachusetts and elsewhere, the defendant conducted a financial transaction affecting interstate commerce, which transaction involved the proceeds of distribution of controlled substances, knowing that the financial transaction was designed in whole or in part to conceal or disguise  the nature, location, source ownership or control of these proceeds, while knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity.

The elements of concealment money laundering are as follows:[19]

First, the defendant entered into a financial transaction or transactions, on or about the date alleged, with a financial institution engaged in interstate commerce;

Second, that the transaction involved the proceeds of a specified unlawful activity—specifically, proceeds of the distribution of a controlled substance;

Third, that the defendant knew that these were the proceeds of some kind of criminal activity that amounts to a felony under state or federal law; and

Fourth, the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

The term "transaction" includes a transfer, delivery, or other disposition, and with respect to a financial institution, it includes a deposit, withdrawal, transfer between accounts, or any

---

[19] Adapted from Pattern Crim. Jury Instr. 1st Cir. § 4.18.1956(h).

other payment, transfer, or delivery by, through, or to a financial institution by whatever means affected.

The term "financial transaction" includes any transaction, as that term has just been defined, which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means or involving one or more money instruments.  As I previously described, bitcoin constitutes funds. The term financial transaction also includes any transaction involving the use of a financial institution which is engaged in or the activities of which affect interstate or foreign commerce in any way or degree.  Also, as I described for Count One, interstate or foreign commerce means the movement of goods, services, funds, or individuals between states or between the United States and a foreign state or nation.

It is not necessary for the government to show that the defendant actually intended or anticipated any effect on interstate commerce by his actions.  What is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, even minimal, then that's enough to satisfy this element.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

Drug trafficking is a felony under federal law.

## COUNT THREE: MONEY LAUNDERING[20]
[18 U.S.C. § 1956(a)(3)(B))]

Count Three charges the defendant with the crime of money laundering. The indictment charges that on or about September 22, 2019, in the District of Massachusetts and elsewhere, the defendant knowingly conducted a financial transaction involving property represented by an authorized agent of the U.S. Government to be proceeds of specified unlawful activity—that is, the distribution of Adderall, a controlled substance. The Indictment charges that the defendant conducted this transaction with the intent to conceal and disguise the nature, location, source, ownership and control of the property, which he, again, believed to be the proceeds of the distribution of controlled substances.

To find the defendant guilty of this money laundering count, you must be convicted that the government has proven each of the following elements beyond a reasonable doubt.

First, the defendant conducted or attempted to conduct a financial transaction.

Second, the financial transaction involved property that law enforcement represented to be the proceeds of a specified unlawful activity—here, the distribution of controlled substances.

Third, the defendant believed that the financial transaction involved the proceeds of the specified unlawful activity (i.e. the distribution of controlled substances); and

Fourth, the defendant conducted or attempted to conduct the financial transaction knowing that it was intended to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity—that is, the distribution of controlled substances.

---

[20] Adapted from *United States vs. Ian Freeman*, No. 21-CR-00041-JL (D. NH), Dkt 283, Tr. pp. 26-31.

I have previously defined several of these terms, including "transaction," "financial transaction," and "proceeds" in addressing Count Two.

I would like to define one term in this crime. The term "represented" set forth in the second element of Count Three means any representation made by a law enforcement officer at the time of, or before the transaction at issue. The evidence need not show that the law enforcement officer expressly described the property involved in the transaction as the proceeds of a specified unlawful activity. It is sufficient if the government proves that the officer made enough representations to cause a reasonable person to understand that the property involved in the transaction was the proceeds of trafficking of controlled substances, which is the specified unlawful activity named in the indictment.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:    */s/ Benjamin A. Saltzman*
SETH B. KOSTO
BENJAMIN SALTZMAN

Dated: October 21, 2024                    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that, on the below date, this document was filed through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Benjamin A. Saltzman*
BENJAMIN A. SALTZMAN
Assistant United States Attorney